UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

UNITED STATES,

        Plaintiff/Respondent,        Criminal No. 01-440-HA-01

    v.

                                                 ORDER

VICTORINO RUIZ-GUZMAN,

        Defendant/Petitioner.

HAGGERTY, Chief Judge:

    Defendant is currently serving a seventy-month sentence of imprisonment for possession of cocaine with intent distribute. Defendant filed a Motion to Vacate or Correct Sentence under 28 U.S.C. § 2255 [36]. In response, the government filed a Motion to Dismiss § 2255 Petition [35]. The court ordered defendant to file a response to the government's motion to dismiss by October 30, 2006. Defendant did not file a response; accordingly the government's motion was

1    - ORDER

taken under advisement. The government's motion to dismiss is granted for the following reasons.

Paragraph 12 of defendant's plea agreement letter states that defendant "waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2)." Gov't. Attachment A at 19. Defendant's petition makes no claims under Fed R. Crim. P. 33, 18 U.S.C. § 3582(c)(2), or for ineffective assistance of counsel.

A defendant may validly waive constitutional and statutory rights as part of the plea bargaining process. *See United States v. Mezzanatto*, 513 U.S. 196, 200-202 (1992) (explaining that "many of the most fundamental protections afforded by the Constitution" may be waived and that statutory rights are presumptively waivable); *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993) (upholding a defendant's waiver of right to file a Section 2255 petition when underlying claims were not for ineffective assistance of counsel or voluntariness of plea agreement).

Accordingly, defendant has waived his right to file a Section 2255 petition, as part of his plea agreement with the government. The government's motion to dismiss [35] is granted and defendant's petition [36] is dismissed without prejudice.

IT IS SO ORDERED.

DATED this  4  day of May, 2007.

　　　　　　　　　　　　　　　　　　　　　　　/s/ Ancer L. Haggerty
　　　　　　　　　　　　　　　　　　　　　　　   Ancer L. Haggerty
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge